IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HUNG VAN LE (A#041668197), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-1984 |
| | § | |
| JEFF SESSIONS, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND ORDER

The petitioner, Hung Van Le (A#041668197), is presently in custody at a federal facility in Houston, Texas, awaiting his removal from the United States by officials with Immigration and Customs Enforcement ("ICE"). Le has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 [Doc. # 1], challenging his continued detention. After considering all of the pleadings and the applicable law, the Court concludes that the petition must be dismissed without prejudice for reasons set forth briefly below.

**I.      ANALYSIS**

Le discloses that he is a native and citizen of Vietnam who was taken into ICE custody on March 5, 2018. *See* Petition [Doc. # 1], at 2. In a habeas corpus petition that is dated June 5, 2018, Le contends that he is entitled to immediate release under 28 U.S.C. § 2241 because his removal is not imminently foreseeable. In support, Le

relies on *Zadvydas v. Davis*, 533 U.S. 678 (2001), which requires an immigration detainee's release under certain circumstances, after the expiration of a presumptively reasonable six-month period of detention, where there is no prospect of removal in the foreseeable future.

Le's reliance on *Zadvydas* is unavailing because he has not been in custody for longer than six months. Under these circumstances, Le does not demonstrate that his detention violates the Constitution and he does not state an actionable claim for relief. *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (finding that the six-month period must have expired at the time the § 2241 petition was filed in order to state a claim under *Zadvydas*); *Okpuju v. Ridge*, 115 F. App'x 302, 2004 WL 2943629 (5th Cir. 2004) (noting that the petitioner's claim regarding his continued detention was premature because the petitioner had not yet been in custody longer than the "presumptively reasonable six-month post-removal order period" set forth in *Zadvydas*).

Moreover, Le fails to show that he has exhausted available administrative remedies that were implemented after the Supreme Court's decision in *Zadvydas* to provide administrative review procedures for those aliens detained beyond the removal period. *See* Continued Detention of Aliens Subject to Final Orders of Removal, 66 Fed. Reg. 56977 (Nov. 14, 2001) (codified at 8 C.F.R. § 241.13). To

exhaust these procedures, an eligible alien must submit a written request for release to the Headquarters Post-Order Detention Unit ("HQPDU") asserting the basis for the alien's belief that there is no significant likelihood that the alien will be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(d)(1). The HQPDU must respond in writing to the alien, acknowledging receipt of the request for a review of his continued detention. 8 C.F.R. § 241.13(e)(1). Immigration officials may detain the alien until it has made a determination whether there is a significant likelihood that the alien can be removed in the reasonably foreseeable future. *See id*. Thereafter, the HQPDU shall issue a written decision based on the administrative record, including any documentation supplied by the alien, regarding whether there is a significant likelihood that the alien will be removed in the reasonably foreseeable future under the circumstances. 8 C.F.R. § 241.13(g).

Because the petitioner has not been in custody past the presumptively reasonable period outlined in *Zadvydas*, his petition must be dismissed without prejudice as premature. The petitioner is advised that he may re-file his petition if he has not been removed after the six-month time period has expired and he has exhausted all available administrative remedies.

## II.   CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** that the petition [Doc. # 1] is **DISMISSED without prejudice** as premature.

The Clerk will provide a copy of this order to the petitioner.

SIGNED at Houston, Texas on July 10, 2018.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE